and good morning your honors Devin Burstein on behalf of mr. Peterson your honor I'd like to begin as we did in the briefs with the with mr. Peterson's motion to withdraw his guilty plea our position is that you know while I could I could try and recreate the wheel here the Sixth Circuit's decision and Szymanski is on point is persuasive and truly encapsulates the essence of our argument so simply to begin with with Szymanski and to quote first the Supreme Court over 16 years ago construed the crime at issue to contain an element not necessarily required by its statutory text a defendant charged with receipt of child pornography must have knowledge not only as the act of receipt itself but also as the fact that the material he is receiving features minors engaged in explicit sexual conduct second continuing to quote this interpretation of the statute as containing a demanding scienta requirement was never explained to the defendant during the rather brief colloquy preceding the district court's acceptance of his guilty plea that is equally true here as we've laid out and the government has chosen to ignore Szymanski but it is in our view while not binding certainly persuasive and should answer the question and it becomes a very simple analysis because the district court here did not explain the requisite mens rea elements of the offense the plea colloquy was inadequate and the inadequate plea colloquy in turn established the fair and just reason for requesting withdrawal under Rule 11 in conclusion yes your honor you're relying on an outer circuit case what Ninth Creek in this case was not knowing and intentional to unpack that question well first of all for Theo Cano supports it as does every other Ninth Circuit case really on this issue but it's not the second part of your honors question it's not we do not we're not arguing because we don't have to argue that it wasn't knowing and intentional the fair you're saying that the elements were not adequately explained right and so sorry so that's part of the equation in determining whether or not the guilty plea should be you're saying that that's a valid reason for withdrawing the guilty plea so guilty plea was knowing and intelligent why would there be a basis for withdrawal right so the courts the case the case law is very clear that that in we're talking about a motion to under Rule 11 which just says the fair and just standard that is a lesser showing that we have to make that's why I'm not taking on the burden so what is the fit what is the fair and just reason the reason that you're giving is that it was the elements were not properly explained to him so it's pretty much the same thing is saying that he did he was not aware of what he was pleading to because the elements weren't adequately explained so I'm asking you what Ninth Circuit case supports your argument that a fair and just reason for withdrawing the guilty plea is a failure to adequately explain the the elements what case are you relying upon multiple cases including the strongest case Menorah and Portillo Cano so let me just quote to the court from Menorah and then I'll follow from Portillo Cano to comply with Rule 11's requirement that the defendant be involved be informed of the nature of the charge the district court must advise the defendant of the elements of the crime and ensure that the defendant understands that's Menorah Portillo Cano then instructs in reviewing compliance with compliance of a plea with Rule 11 we review only the record in the plea proceedings a provision a plea agreement cannot cure any failures and of course here the plea agreement doesn't include these either and so and nor does a statement by the defendant and his attorney that they've discussed the nature of the charge is also insufficient so in Menorah Portillo Cano and numerous other cases we know in the Ninth Circuit as well as every other circuit the elements must be explained in order to comply with Rule 11 here we also know from Ninth Circuit cases such as price Jefferson Murillo Balderrama and of course from the Supreme Court's decision in excitement video and from this court's model instruction 8.185 that the requisite elements were not explained and truly that ends the inquiry on this or it should end the inquiry and should be dispositive in favor of mr. Peterson because counsel make sure I'm saying your argument of how the elements were explained is your argument the defendant was told that he had to have knowingly done done this but he wasn't told that knowingly applied to both of the that he had to know there's a two different parts is that the deal that he did the knowingly he should have been told you had to knowingly know this he had had knowingly have done this and you had to knowingly done this other thing instead of just having one no there should have been two right as I think about a really good way to look at that your honors to look at the instruction 8.185 and how the jury is instructed and if you do that at what what he was told and you look and you compare that to the plea agreement is that the only knowingly he was told is that he had to knowingly receive it let me step back one second first of all the district court didn't inform him of any elements the district court didn't go through the elements period so that in and of itself should be a full stop but let's just counsel what case says that the district court must go through the element what case says that manure says that the dish and I'll quote again judge Rollins I thought our Bradshaw case said that there's no particular method that has to be used to apprise the defendant of his of the elements of the crime of the elements of the offense right but but it still needs to be there may be no particular way to have to do it but you still have to do it in some way manure says the district court must advise the defendant of the elements of the crime and ensure that the defendant understands them that's a direct quote so and Portillo Kano also supports that directly it simply cannot be that a district court can wholly fail to explain the elements and that that's what happened here but then going back to judge van Dyck's more specific question the district court let's just say reading the charge alone could suffice the charge doesn't inform you all these excitement video elements that are clearly elements of the crime I mean this is the exact same scenario as his man skiing that nature he was never I'm looking at the jar and so my thought was it all depends on whether the word knowingly you know what it modifies right like or what it what it applies to I mean you could read that to say that knowingly received and that knowingly also applies to knowing that it was the use of a minor engaged in sexually explicit conduct so your argument turns on the fact that knowing knowingly doesn't doesn't apply to both those things only applies to the first one as described rather than as the law is right so what the Supreme Court says in excitement videos look we understand that the statute as written says knowingly just applies to receive but that's not the right reading of it so we're gonna read a counterfactually we're gonna read in these Sienta requirements and those are the Sienta requirements just like in Siesmanski that he was not informed of not that that's the whole kit and caboodle here but he was only not informed of that if he thought that knowingly only applied to the receiving element and didn't also it wasn't knowingly dot-dot-dot ellipses involving the use of a minor right in other words the word knowingly is in there it's just what it applies to your whole argument turns on that I think unless I'm missing something yes your honor but you can look to here's a good example is if you look to the plea right as knowing knowing receipt we're so bad with that at an excerpt to record what yeah that's at er 250 so if you look at er 250 you can see that the knowing is just included in the first element and if you the deficiency becomes apparent is that what's what excitement video says directly is that it's not enough to simply read the statutory text because the statutory text leads to the wrong conclusion sorry my lights just went off the statutory text leads to the wrong conclusion and and this court's case law is very clear on this if you look at price for example and the way it describes excitement video that because the age of the performers is the crucial element separating legal innocence from wrongful conduct under a child pornography statute the statute requires the defendant have knowledge of the performers age Jefferson quote imputation of knowledge to the use of a that the person depicted in the sexually explicit material was in fact underage marino balderrama quote the subjective see enter element of 2252 contains two subparts first the government must show the defendant knew that at least three of the materials portrayed sexually explicit conduct and second that he knew that the materials depicted minors engaged in such conduct these elements are simply not laid out it's not enough just to remember going back to manure they have to explain the elements and make sure the defendant understands that it's two parts it's not it and that encapsulates the essence of the rule 11 inquiry it's not enough to just kind of bombard an unsophisticated defendant with a bunch of legal words so you say it's unsophisticated but he's also somebody who's you know been convicted and I think in state court but three times or something of possession not receipt and the statute in state court is a different statute excited you know my point is is that he knows what what child pornography is right he knows it's child pornography and so I just I the difficulty is the word knowingly I understand I just in what you just brought me to on page 250 knowingly seems to be broken out and arguably tied but to the but to just the first part but in charge it's not clear to me that it's tied to just the first part what what effect should it have on our analysis that your client is not somebody who doesn't know what child pornography is and the child for not a key part of child pornography is that it involves children zero zero and in fact because what what Portia O'Connor says and other cases I believe Garcia also to quote in reviewing the compliance of a plea with rule 11 we review only the record of the plea proceeding so the court needs to look only to the record of the plea proceeding to determine whether or not mr. Peterson was properly advised the court can't extend beyond that that's binding Ninth Circuit precedent and what about Supreme Court precedent Bradshaw versus stump you have that case before you 545 u.s. 175 it says that the we have never I'm in page 183 Supreme Court says we have never held that the judge must himself explain the elements of each charge to the defendant on the record right what do you make of that language that's not interpreting rule 11's requirement rule 11 says that this is a statutory requirement under rule 11 and that's a different factor so the that's not a rule 11 case in the same it's the same issue it says that the Court of Appeals concluded that stumps plea of guilty was invalid because he was not aware of the specific intent element of the charge so the same argument was being made that the elements were not adequately explained and Supreme Court said we have never held that the district court that the court must itself explain the elements so you're making a distinction because this was not a rule 11 case right that that is the whole distinction your honor respectfully that it's this court's case law is based on rule 11 it's not a separate constitutional due process argument which is what Bradshaw was about I believe and please correct me if I'm wrong this court's case law is on rule 11 this is an entirely rule 11 argument it's rule 11 that requires that the nature of the charge be explained which this court's binding case law requires the elements as does every other circuit but it's in addition to that it all that rule 11 is what sets the fair and just standard so this this this is a purely rule 11 issue under rule 11 you had to explain the elements you didn't explain the elements that rule 11 required that the plea be knowing voluntary and intelligent yes but that is that is that what that is your honor is right in that these dovetail very well but we don't have that burden it's like saying you know I could prove it beyond a reasonable doubt but all I'm required to do is prove it by a preponderance of the evidence here the fair and just standard is liberally construed in favor of the defendant whereas that's not necessarily true in the other context so I have a much lower threshold to show this court I don't have to go all the way to show involuntariness all I have to do is fair and just and under this court and why it should be a relatively easy showing it because this court has said in inadequate colloquy that doesn't include the elements is by definition a fair and just reason to withdraw plea all right thank you counsel unless there are any questions we'll go to the government thank your honor we'll give you a minute for rebuttal appreciate it thank you your honor's brownie knows United States I think it's important to also look at the record of the rule 11 colloquy when analyzing whether or not the district judge abused its discretion in denying mr. Peterson's motion to mr. Peterson after first identifying the date range when he was receiving child pornography April to May 2017 and then identifying the device from which he collected the child pornography a unimax cell phone he asked him did you knowingly receive at least one visual depiction the producing of which involved at least one minor engaging in sexually explicit conduct that's the crux of what excitement video was talking about hey you need to that statute should be read not just to say he knowingly received anything but what did he receive he also knowingly received depictions of a minor engaged in sexually explicit conduct that language is right here right here where the district court said did you knowingly do this in addition to that the district court asked mr. Peterson at the rule 11 colloquy did you review the facts in the plea agreement yes he said without equivocating and did you agree that they're all true yes he said without equivocating well not only did the factual basis of the plea agreement and that's on page 262 not only did it also advise mr. Peterson of the nature of the charge did you knowingly receive depictions of minors engaged in sexually explicit conduct but you'll note at the end of that factual basis it also said and mr. Peterson acknowledges he received at least 150 images but fewer than 300 of material depicting minors engaged in sexually explicit conduct and these images included depictions of prepubescent minors engaged in sadomasochistic conduct so what he's also admitting to is not only did I sexually explicit conduct but in this is a separate case reared and it's a Ninth Circuit jurisprudence but these kids are also suffering acts of penetration far cry from what the Samansky case said the Samansky case was based on a paucity of facts really if there was a PSR from which the Sixth Circuit identified its concerns and within that PSR defendant said I didn't even know if these kids were minors I thought they were older teenagers ie they were of age they were adults here we don't have that and just get back to Samansky Samansky's primary concern was look the record shows he knowingly received something but it never confirms that he knows what he knowingly received and the factual basis to which in the plea colloquy mr. Peterson acknowledged as being completely true doesn't just say I know it was minors engaged in sexually explicit conduct but these are prepubescent minors suffering awful acts and elsewhere in the record I know we also identified or described what what these acts were as well so huge distinction between Samansky and here the the record here was much clearer the district judge was very focused on confirming that that mr. Peterson was aware of the nature of the charge the very specific issues that were addressed in excitement video and I'll just front right now the elements in the plea agreement they don't embody incitement video like now that I've litigated this issue heavily like I will do in the future but that's not a basis for determining that the district judge abused his discretion in with respect to the extent he satisfied rule 11b 1g which was hey here's the nature of the charge and oh by the way you're gonna confirm for me that all of the facts supporting the nature of this charge were true and you're also going to get in the weeds and tell me you knowingly received on your unimax cell phone within April to May of 2017 depictions of prepubescent minors suffering acts of penetration that is not close factually to what Samansky says because the district judge did properly advise mr. nature of the charge and no there is no authority that says you know you need to apply a district judge needs to read a jury instruction be a good idea but not required not required in an abuse of discretion analysis there is no abuse of discretion here what's particularly important on top of that is that in this case defendant knew darn well that his received a child pornography guilty plea was knowing and voluntary he gave a weird frankly answer when asked if he was aware of the elements and despite using very clean language yes no guilty etc for the balance of the rule 11 call it cool you with respect to when he addressed with had the elements addressed to him and asked if he was aware of them he said he equivocating said as the written yes and then what in May of 2017 it recommends a high-end sentence for mr. Peterson and then boom we're given this we're you know there's a motion to withdraw filed and in the hearing for that motion the district court was able to glean from defense attorney hey defendant gave me this argument I didn't come up with it and on top of that the defense or the district judge said you're playing games mr. Peterson in response mr. Peterson said nothing he didn't challenge it and I also find it noteworthy that mr. Peterson provided of facts explaining hey because paragraph 2 of the plea agreement going that worked for the elements didn't embody excitement video which which candidly clarified the scope of what knowledge applies to within 2252 a to here's how I didn't know what I was really pleading to he filed a declaration in support of his motion to suppress he's well-versed in filing declarations here not only was there no declaration filed there was no evidence presented in support of his claim that hey your knowledge element in or your knowledge reference in the element section of the plea agreement could have been better therefore this entire guilty plea unwinds as this court well knows that's solemn act a guilty plea what defendant says when pleading guilty is given the heavy weight in this case he acknowledged when asked did you knowingly receive at least one visual depiction the producing of which involved at least one minor engaging in sexually explicit conduct again precisely what excitement video wanted to clarify and frankly what Samansky also had identified when it addressed its concerns relating to a record much worse than this one he said guilty he said guilty and then on top of that he also acknowledged these facts not only showing I knew when I received and I knew on what device I receive but I know what horrific items I received pivoting to the motion to suppress at the end of the day it's based on probable cause the hey I know this court knows the record so I'll be very brief you know right before the first motion to suppress I received policies from the parole office saying essentially thou shalt complete your forensic review before parole is revoked and that didn't take place so the only issue at relevant to the first motion to suppress was HSI you can't follow up with any parole searches of cell phones by the way Johnson this courts Johnson clearly authorized cell phone searches pursuant to the precise language that was in mr. Peterson's parole terms that's a flush language on page one of the parole conditions and it's essentially verbatim California Penal Code 3067 d3 Johnson says that is good defend or appellant counsel says hey we don't know that it applied in the past well in Johnson itself it applied to a search that took place in February 2014 these searches took place in May and July 2017 the parole search is good we thereafter so you realize that opposing counsel did not address these points you realize that my thanks for telling me that it slipped my mind I welcome any more questions the court has with respect to the motion to withdraw or anything that appellants counsel did address any questions could you unmute mr. Burstyn yes your honor in process thank you very much so briefly this is what I would suggest the plea colloquy here is very very short it case law that the court has an obligation to explain the elements and make sure the defendant understands them as I read those six pages there is nowhere not even close where that happens and I will submit to the court that if the court reviews those six pages it will agree with me if that's the case we would ask you to reverse on counsel what if we say we have reviewed what if I say I have reviewed those pages and I don't agree with you I think that the burden you're putting on the court is much more stringent than the case authority has sanctioned and I would I would ask the court to I would respectfully disagree and suggest that Portia O'Connor and manure are directly contrary they require if the court asks the defendant if he's read the plea agreement which contains the element of the offense and if he understands those elements and agrees to those why isn't that adequate well for two reasons but first of all the plea agreement here didn't contain the elements that's the whole problem that that's what I was speaking about with judge van dyke the plea agreement is wrong on the elements and then the court if it if it if it mirrors the statute it's wrong correct that's what that's exactly what the Supreme Court said in excitement video it's it rejected the most grammatical reading of the statute imported broadly applicable scienta requirements despite the fact and this is the quote the statute by its terms does not contain that and that's what the Supreme Court said that's that that's at pin site 70 of excitement video so that's exactly the point of incitement video Congress wrote the statute but they didn't write it the right way so in order to avoid other problems we're reading these elements in that's exactly what the Sixth Circuit hit out in Samansky there's just this court would have to create a split with Samansky in order to affirm that there's truly no other way around it the only point out the further point I'd like to make is we didn't get to the search issues but obviously I think the court understands that we feel that our search arguments have merit and are strong and obviously should also be dispositive for mr. Peterson the fact that we ran out of time I didn't want the court to think that I was somehow suggesting that they were less strong or without merit no I didn't suggest that it was just curious to me that the government would bring them up when you didn't because I just want to be sure a good idea so counsel I judge Ronson can I ask him what of course so you know I'm looking at excitement video and I don't know that excitement video says that you know we're rewriting the statute excitement video just kind of says what I think I said earlier which is that the word knowingly sure you could interpret the only apply apply to the what is it the something answer then you know the thing that comes right after it in ordinary language but you can also apply knowingly to apply to the other stuff and that's what they did I think that you could also read the the charge here so then to me it comes up that if you can read the charge that way then is there any indicia that your client would have been misled by that and I just I have a hard time seeing how he could have possibly been misled given all the stuff the government said about the fact that he was told you know the about the nature of the pornography that he he admitted that he had and and also just the background that was not it's not adding so my point is I don't think it's adding something I don't think excitement added something it just said this is how we're going to read that language and that's the language that was read to him and I don't see any evidence that he would have been misled by that language being presented to him because that is a way to read that language there's nothing in the plea colloquy what my colleague read to you is not in the plea there's nothing in the plea colloquy between the district court as the nature of what he knew this court has to look at the plea colloquy and there's just simply nothing in there that the where in the I keep there's nowhere in the plea colloquy where he asks him any of the elements when we look at them we can look at the record of the proceedings you're saying we're limited the exact words that are said during the plea colloquy there's nothing else no no your honor and I didn't mean to suggest that but the district court the district court is obligated to make sure the defendant understands these elements and there's just I mean when we review that we look at the record but the court's case law is clear that eat that the record that it's the district court has to personally advise the defendant during the colloquy and Portia O'Connor specifically says the plea agreement let's just say the plea agreement was right here it was wrong but let's just say it was right the Portia O'Connor and other and I think Garcia say you can't look at that that doesn't that doesn't suffice because what you know my colleague makes that the whole point about how weighty a plea a plea colloquy is that actually cuts in our favor because the district court needs to make sure not that he understands and why is that really important here Simmons Samansky explains it because as you read this charge and this goes to judge Van Dyke's question and judge Van Dyke if it's if either way then I would say the rule of lenity definitely cuts in our favor but I think you just answered judge Rawlinson that you seem to be saying to mutually inconsistent things one is it's all about you seem to be like arguing like it's all about this plea call it be that's all it is but I think judge Rawlinson is right that's not that's not everything that you look at to find out if the plea was knowing I mean he does ask did you discuss this with your counsel etc right he did and so you look at all of I think you can look at all of that and there's no reason for that judge or for us to think that when when did this defendant heard the words did knowingly receive at least one visual depiction the producing of which involved at least one minor engaged in sexually explicit conduct there's no reason that that judge or us would thought that he would have heard that as well knowingly only applies to the receiving part it doesn't also apply to knowing that this was a minor there's no reason to judge I think that because I just to be clear your position is not I don't think although it seems like a lot of your argument your position can't be that all they display quality is all that counts just these like six pages in here that's not the law right that's not all that counts in trying to figure out whether his plea was knowing your honor respectfully under this courts case law that is what counts and limited to those six pages and nothing else that's your argument for the for this part of the rule 11 inquiry but my argument is broader than that because that is the law and let me just read what Portia O'Connor says a statement by the defendant and his attorney that they discussed the nature of the charge is also insufficient to satisfy rule 11 I mean you're talking and choosing language from the cases there are a number of cases that address this point and that's not the entirety of the but my point your honor is simply this that's what the case law says Portia O'Connor says it explicitly but going back to judgment points which I don't I read that that language to me is saying if if there's if you've got problems in the plea quality that are that would be misleading and I don't read this knowing is misleading at best I would read as ambiguous you can't rely on on sort of catch-all yeah but I talked to he talked to his he said he talked to his client is his counsel and therefore that's good enough notwithstanding other problems but here that's not what's going on here you have all kinds of reasons to think and they all point the same direction that he did actually know and he was fully aware of the fact that he knew that this involved minors and what you're saying is yeah but because in the actual plea quality language itself they didn't have knowing the word knowing right in front of the word minor and that knocks all of that out that's not how I don't think that's what those cases are saying that's not what I'm saying you're on what I'm saying is I think the court I think there's strong precedent to say that the court is limited to the colloquy but even if you are not it's that is essentially irrelevant because there's nowhere in the plea agreement or any of the record where these elements are explained to the defendant to mr. Peterson that's my point and that they're not if it came off as mutually exclusive I don't mean it just to sound that way my point is a the court should look at just the plea colloquy but be even if the court expands upon it you won't find this explanation so either way it should be dispositive for mr. Peterson that's the point I'm not sure so what without I can see judge Rosson I was going to say we've taken you way over your time if you want to close please yes your honor I think the court understands the argument we would ask you to reverse and remand and allow mr. Peterson to have this chart thank you any final questions all right thank you to both counsel for your helpful arguments in this case the case just argued is submitted for decision by the court that completes our calendar for the morning we are in recess until 930 a.m. tomorrow morning
judges: Rawlinson, Hunsaker, Vandyke